IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carolina Procurement Institute, Inc., | ) | C/A No.: 3:16-1378-CMC-SVH |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| United States Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

The above-captioned case is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a). The docket number for the bankruptcy court action was Bankruptcy Petition No.: 15-4646-dd. Pursuant to Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned.

Although Carolina Procurement Institute, Inc. ("Appellant") is listed as the appellant in this matter, the notice of appeal is signed by Gary A. Washington and Michele A. Washington, "Appellants Pro Se." It is well-established that a corporate entity cannot appear pro se and must be represented by counsel in court. The United States Supreme Court recognized that:

> [i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (internal citations and footnote omitted; *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.

Accordingly, Appellant is directed to retain counsel to make an appearance on its

behalf by June 6, 2016. If Appellant fails to retain licensed counsel to file an entry of appearance by June 6, 2016, this matter would be subject to dismissal.

TO THE CLERK OF COURT:

The Clerk of Court shall mail a copy of this order to Appellant at the address of record with the Bankruptcy Court and to Gary A. Washington and Michelle A. Washington at the address they provided. If Appellant fails to obtain counsel by June 6, 2016, the Clerk of Court shall forward the file to the assigned United States District Judge to determine whether to enter an order of dismissal.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 6, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

*Appellant's attention is directed to the important warning on the next page.*

**IMPORTANT INFORMATION: PLEASE READ CAREFULLY**

**WARNING TO PRO SE PARTY OR NONPARTY FILERS**

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).